# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERALD FEHR | ) | CASE NO. 2:16-CV-01009-TJH-FFM |
| Plaintiff, | ) | |
| v. | ) | **[~~PROPOSED~~] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER** |
| JOSHUA J. FINE JEWELRY, INC., AND DOES 1-50, | ) | |
| Defendants. | ) | [Filed concurrently with Joint Stipulation and Protective Order] |

Plaintiff Jerald Fehr and Defendant Joshua J. Fine Jewelry have submitted a Joint Stipulation and Protective Order, filed on October 14, 2016, Docket Number 31 (the "Stipulation"), for the Court's approval. The Stipulation provides as follows:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

1

**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

prosecuting this litigation may be warranted. In particular, certain documents may be requested or produced that contain: (a) information that constitutes a trade secret in accordance with California *Civil Code* § 3246.1, including financial or actuarial projections, analyses, or studies and/or non-public business or financial strategies; and/or (b) other confidential, proprietary, competitive, or private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting or defending this action) would be warranted.

The parties to this action, Plaintiff JERALD FEHR ("Plaintiff"), on the one hand, and Defendant JOSHUA J. FINE JEWELRY ("JJFJ" or "Defendant"), on the other hand, (collectively, the "Parties"), desire to protect the confidentiality of the information described above as well as the confidentiality of any other proprietary information, confidential business information, information that must be protected from disclosure for business or competitive purposes and/or information in which a party, its employees, third parties or their employees have a privacy interest that may be requested and produced in this action. Protecting such confidential information from disclosure is in the public interest.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below and subject to public policy and further Court Order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Court, after application by the affected party with appropriate notice to opposing counsel.

**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

## 2. DEFINITIONS

2.1. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. <u>"CONFIDENTIAL" Information</u>: Discovery Material that contains (a) trade secrets, confidential business, employment, financial, competitive, or proprietary information, information that for business or competitive purposes must be protected from disclosure, and/or information in which a Party, its employees, Non-Parties, or their employees have a privacy interest; or (b) information subject to protection from disclosure, or limitation upon disclosure, under any other applicable law.

2.3. <u>"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information:</u> extremely sensitive "CONFIDENTIAL" Information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4. <u>Counsel (without qualifier):</u> Outside Counsel of Record (as well as their support staff).

2.5. <u>Designating Party</u>: a Party or Non-Party that designates Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6. <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained that are produced or generated in disclosures or responses to discovery in this matter (including, but is not limited to, documents and writings, testimony, transcripts, or tangible things). Discovery Material also includes responses to discovery, such as interrogatory answers.

2.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. "Expert" also includes the Expert's secretarial, technical, and clerical employees who are actively assisting the Expert in this action.

2.8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action, but are retained to represent or advise a party to this action and have appeared in this action on behalf of that Party and/or are affiliated with a law firm which has appeared on behalf of that Party.

2.10. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11. <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

2.14. <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.15. <u>Requesting Party</u>: a Party that has propounded a discovery request seeking Discovery Material.

2.16. <u>Responding Party</u>: a Party that has been served with a discovery request from a Requesting Party.

## 3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or Order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action,

5
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. The Producing Party may designate Discovery Material as "CONFIDENTIAL" by stamping each page containing such information with the word "CONFIDENTIAL," or as otherwise provided in Paragraph 5.4, below. Unless otherwise agreed to by the Producing Party, any information so designated may be disclosed only to individuals identified in Paragraph 7.2, below.

5.2. The Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by stamping each page containing such information with the legend "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the time of production, or as otherwise provided in Paragraph 5.4, below. Unless otherwise agreed to by the Producing Party, any information so designated may be disclosed only to individuals identified in Paragraph 7.3, below. In the event that Outside Counsel of Record for a Receiving Party wish to disclose such information to individuals other than as provided by Paragraph 7.3, including any disclosure to a Party, Outside Counsel of Record for the Receiving Party shall inform Outside Counsel of Record for the Designating Party of their intention in writing, and thereafter meet and confer with Outside Counsel of Record for the Designating Party. If such Outside Counsel of Record are unable to reach agreement, the Outside Counsel of Record for the Receiving Party may file a motion for permission to disclose the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

ONLY" Information to individuals other than those identified in Paragraph 7.3. In the event of such a motion, all recipients of the information shall continue to treat the material as designated by the Designating Party until the Court (Judge or Magistrate Judge) and/or Discovery Referee rules to the contrary.

5.3. To the extent that it is necessary to file any Protected Material with the Court, the filing party shall apply for a Court Order sealing the materials. If the Court declines to issue such an order, the Parties will redact any Protected Material that is required to be kept confidential by law before filing such material with the Court, unless explicitly ordered by the Court to publicly disclose such information.

5.4. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.4(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting

7
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>For testimony given in deposition</u> <s>or in other pretrial or trial proceedings</s>, the Designating Party must identify on the record, before the close of the deposition<s>, hearing, or other proceeding,</s> all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition<s>, hearing, or other proceeding</s> is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that

8
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who fall within Paragraphs 7.2 or 7.3, below, as applicable, are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

To the extent any testimony or documents used therein contain Protected Material, the necessary actions shall be taken to protect Protected Material from being disclosed to individuals who do not have a right to view such Protected Material.

(c) For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on

9
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.5. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

10
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

11
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation ;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors (including a mediator) to whom disclosure is reasonably

Gordon & Rees LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Plaintiff

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors (including a mediator) to whom disclosure is reasonably

13
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court Order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court Order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court Order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Responding Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Responding Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Responding Party shall:

    1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.  make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Responding Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Responding Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

15
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

1 determination by the Court. Absent a Court Order to the contrary, the Non-Party
2 shall bear the burden and expense of seeking protection in this Court of its
3 Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Producing Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Producing Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) If a Producing Party discovers that it has inadvertently produced Discovery Material subject to a claim of privilege, the Producing Party must promptly notify the Receiving Party.

(b) If a Receiving Party receives Discovery Material that obviously appears to be subject to the attorney-client privilege, attorney work product doctrine, or otherwise clearly appears to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party should refrain from examining the materials any more than is essential to ascertain if the materials are privileged or confidential, and shall immediately notify the Producing Party

(c) that the Receiving Party possesses material that appears to be privileged or confidential.

*Gordon & Rees LLP*
*633 W. Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

(d) Upon the occurrence of the circumstances described in (a) or (b) above, the Receiving Party must promptly sequester the specified information and any copies it has; must not further review, use, or disclose the information until the claim of privilege or confidentiality is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before the occurrence of (a) or (b) above. The Parties must promptly meet and confer concerning the claim of privilege or confidentiality and the disposition of the inadvertently produced Discovery Material. If unable to come to agreement, the Parties may seek guidance from the Court as to the disposition of the inadvertently produced Discovery Material. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**12. MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the applicable Rules of this Court. Protected

Gordon & Rees LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071

Material may only be filed under seal pursuant to a Court Order authorizing the sealing of the specific Protected Material at issue.

## 13. FINAL DISPOSITION

Within 60 days after the Final Disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section 13, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. ENFORCEMENT PERIOD

For a period of six months after final disposition of this action, this Court will retain jurisdiction to enforce the terms of this Protective Order.

///

///

///

18
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

The Stipulation provides an Exhibit A: Acknowledgement and Agreement to Be Bound, which states:

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court in and for the Central District of California on _____ in the case of *Jerald Fehr v. Joshua J. Fine Jewelry.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court in and for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____
City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

///

///

///

19
**[PROPOSED] ORDER APPROVING JOINT STIPULATION AND PROTECTIVE ORDER**

1  The Court, having reviewed the Joint Stipulation and Protective Order between Plaintiff Jerald Fehr and Defendant Joshua J. Fine Jewelry requesting the entry of the Joint Stipulation and Protective Order, filed on October 14, 2016, Docket Number 31, including Exhibit A thereto, approves of the Joint Stipulation and Protective Order.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  November 23, 2016           / S/ FREDERICK F. MUMM
                                    Honorable Frederick F. Mumm
                                    United States District Court
                                    Magistrate Judge